# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TIMOTHY EARL DAILEY,

        Claimant,

v.                                                CIVIL ACTION NO.   3:16-10765

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Claimant's objections to the Magistrate's Proposed Findings and Recommendations ("PF&R") affirming the Social Security Administration's decision to deny Claimant's application for disability benefits. ECF No. 14. Defendant, the Commissioner of the Social Security Administration, filed a Response to Claimant's objections, urging the Court to adopt the Magistrate's PF&R. For the following reasons the Court rejects Claimants objection and **ADOPTS** the PF&R.

The Plaintiff, Timothy Earl Dailey ("Claimant"), filed his application for disability benefits on June 18, 2013, alleging a disability since September 15, 2008 due to back and neck issues. His initial claims were denied on September 5, 2013 and again on reconsideration on November 12, 2013. Claimant requested an administrative hearing and one was held on June 23, 2015. On July 2, 2015, the administrative law judge ("ALJ") entered a decision finding that Claimant was not disabled anytime from September 15, 2008 up to the date of the decision. The ALJ's decision became final on September 15, 2016, when the Appeals Council denied Claimant's appeal.

On November 10, 2016, Claimant applied to this Court, seeking judicial review of the administrative decision. Claimant's case was referred to the Magistrate. On May 1, 2017, the Magistrate rendered his decision recommending that this Court affirm the final decision of the Commissioner of the Social Security Administration. Seemingly unbeknownst to the Magistrate, on November 15, 2016, Claimant filed a subsequent application for disability benefits based on the same back and neck issues, albeit with additional medical records. On April 12, 2017, approximately three weeks before the Magistrate issued his decision, Claimant was awarded disability benefits. The Social Security Administration determined that Claimant was eligible for benefits starting in November 2016, sixteen months after his initial claim was denied by the ALJ. The record before the Court bears no sign that Claimant ever informed the Magistrate of any of the later medical records produced after Claimant's request for judicial review or his disability award.

Claimant now objects to the Magistrate's recommendation because the later finding that Claimant has been disabled due to back and neck issues since November 2016 casts doubt on the ALJ's decision to reject his first application. Claimant requests a de novo review of the record by this Court and a reversal and remand to the ALJ to make another determination in light of his newly awarded benefits.

The Federal Magistrates Act, 28 U.S.C. § 636, defines the relationship between magistrate judges and district court judges. District court judges "may designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [judgment on the pleadings] . . . ." 28 U.S.C. 636(b)(1)(B). If a party objects to a portion of the magistrate's report and recommendation within fourteen days, "[a] judge of the court shall make a de novo determination of those portions of the

report . . . to which objection is made. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." § 636(b)(1)(C).

The Fourth Circuit interpreted the Magistrates Act to require a district court to consider *de novo* "any issue to which proper objection is made . . . regardless of whether [the arguments supporting the objection] were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). It grounded its decision on the meaning of "*de novo* determination" in the Magistrates Act and a suspicion that a categorical waiver of arguments not raised before the magistrate may render the district court's decision vulnerable to constitutional attack. *George*, 971 F.2d at 1118 (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980) (holding that "delegation" to a magistrate "does not violate Art. III *so long as the ultimate decision is made by the district court*" (emphasis added)).

No other Circuit has adopted the Fourth Circuit's approach, and none share its anxiety over the constitutional validity of waiver. The First and Tenth Circuits have categorically restricted district courts from hearing arguments not raised before the magistrate. *Paterson-Leitch Co. v. Mass Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (finding a party is not entitled to review of an argument not raised before the magistrate); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (same). While the Eleventh, Ninth, Eighth, Sixth, and Fifth Circuits have endorsed a district judge's discretionary review of arguments not raised before the magistrate. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (finding a district court "is not required to consider evidence presented for the first time in party's objection to the magistrate judge's recommendation"); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding the district had the discretion to consider arguments not raised before the magistrate); *Madol v. Dan Nelson Auto Grp.*, 372 F.3d 997 (8th Cir. 2004) (finding arguments not raised before the magistrate may

be waived); *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (same); *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5 (5th Cir. 1994) (same). The primary concern of these Circuits is the preservation of the purpose of the magistrate judge system. The Ninth Circuit aptly observed that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988).

The Ninth Circuit also noted that the Supreme Court suggested that a district court has no obligation to consider evidence not presented to the magistrate. *Howell*, 231 F.3d at 622. In *Raddatz*, the same decision on which the Fourth Circuit relies for its holding incidentally, the Supreme Court explained "in providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrates judge's proposed findings and recommendations." *Raddatz*, 447 U.S. at 676. The Ninth Circuit interpreted the Supreme Court's decision, along with the Magistrates Act,[1] to require a district court to make a *de novo* determination of the portions of the magistrate's recommendation that drew an objection, but in making that determination the district court may exercise discretion to accept new evidence. *Howell*, 231 F.3d at 622.

Courts in this District have distinguished the Fourth Circuit's holding in *George* to apply only to arguments not made before the magistrate but directed at claims brought before the magistrate—not to issues never addressed by the magistrate. *Boothe v. Ballard*, No. 2:14-cv-25165, 2016 WL 1275054, at *20 n. 8 (S.D. W. Va. Mar. 31, 2016); *Samples v. Ballard*, No. 2:14-

---

[1] "The judge *may* also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C) (emphasis added).

cv-15413, 2016 WL 1271508, at *19 (S.D. W. Va. Mar. 31, 2016) ("In so finding, the Fourth Circuit did not express any intent to extend its holding to cases . . . where the arguments raised in the objections went to an issue *not* before the magistrate judge." (emphasis in original)). In light of the unanimity of the Fourth Circuit's sister circuits, Judge Johnston was skeptical that the Fourth Circuit intended its holding in *George* to apply to situations where a party attempts to raise a new claim in an objection to the magistrate's recommendation, and accordingly found that *George* did not apply to such a case. *Samples*, 2016 WL 1271508, at *19.

The weight of authority, including the *Raddatz* decision and the Magistrates Act, counsel the use of discretion by the district court to consider new claims or new evidence not presented to the magistrate. A discretionary standard preserves the function and purpose of the magistrate system. It avoids reducing the magistrate's role to "a mere dress rehearsal," *Paterson-Leitch Co.*, 840 F.2d at 991, and alleviates the constitutional concerns that animated the *George* decision.

Turning back to the case at hand, Claimant's objection is not based on any issue raised before the magistrate. It is what can best be described as a collateral attack on the denial of his first application for benefits. To support his objection, Claimant presents the Court with new medical records and raises a new claim that because he was eventually awarded benefits for the same medical issues, the initial denial of benefits should be revisited. Claimant's medical records and new claim could have been presented to the magistrate before he rendered his decision but Claimant has made no attempt to explain why they were not. The medical records date from November 2016 and February 2017. The Commission approved Claimant's subsequent application for benefits on April 12, 2017. The magistrate did not render his decision until May 1, 2017. Without some explanation for why this issue was not presented to the magistrate for consideration when it clearly could have been, the Court declines to consider Claimant's objection.

Accordingly, the Court **REJECTS** Claimant's objection, and **ADOPTS** the PF&R in all its respects. Defendant's Motion for Judgment on the Pleadings is **GRANTED**. ECF No. 13. Claimant's Motion for Judgment on the Pleadings is **DENIED**. ECF No. 12. The final decision of the Commissioner is **AFFIRMED** and the case is **DISMISSED** from the docket.

ENTER:	June 22, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE